(Pleito No. 85.—Fallado el 11 de Septiembre de 1900)

## MOLL contra SOBÁ.

RECURSO contra sentencia dictada por el Tribunal de Distrito de Ponce.

1.—COMPETENCIA.  El que sostiene la competencia de un Tribunal no podrá más adelante alegar que dicho Tribunal no es competente.
2.—RECURSO.  El escrito fundamentando un recurso deberá citar con precisión y claridad la ley ó doctrina legal que se crea infringida y el concepto en que lo haya sido, de acuerdo con los artículos 1,690 y 1,718 de la Ley de Enjuiciamiento Civil.

### SENTENCIA.

En la Ciudad de San Juan, á once de Septiembre de mil novecientos, en el recurso de casación por infracción de ley que ante este Tribunal Supremo pende, interpuesto por la representación de Don Francisco Moll y Campins contra sentencia dictada por el Tribunal de Distrito de Ponce en juicio de desahucio seguido por Moll contra Don José Laureano Sobá.—Resultando: Que el Letrado Don Manuel Giraldez á nombre de Don Francisco Moll y Campins presentó demanda ante el Tribunal de Distrito de Ponce fundándola en los hechos siguientes: Que Moll con fecha veinte de Junio de mil ochocientos noventa y siete, dió en alquiler á Don José Laureano Sobá una casa que posee en la calle del Co-

mercio de la Villa de Adjuntas por el precio de quince pesos
mensuales en efectivo ó en pan, con la obligación de que si
dejaba de abonarle una quincena se obligaba á dejarla á dis-
posición de Moll, quien quedaba autorizado para desalojarle
sin tener que recurrir á los Tribunales; que Sobá estableció
en la casa una panadería, sin haber abonado cantidad alguna
por renta; de manera que le adeuda la suma de quinientos
diez pesos, que por más diligencias amistosas que había
practicado no había podido obtener que le pague ni menos
que le desocupe la finca.    Y como fundamentos de derecho
expuso; que el conocimiento de las demandas de desahucio
cuando éste tenga por objeto el de un establecimiento mer-
cantil corresponde á los Jueces de 1ª Instancia, regla 13
del artículo 63 y artículos 1,559 y 1,561 de la Ley de Enjui-
ciamiento Civil; que las Cortes ó Tribunales de Distrito ejer-
cen las funciones de los Jueces de 1ª Instancia, párrafo 66
de la Orden General número 118; que si la demanda se
funda en alguna de las causas del número 1º del artículo
1,561 ya citado, se sustanciará en juicio verbal con las modi-
ficaciones del artículo 1,587 de dicha Ley.    Y que las costas
se impondrán siempre á las partes cuyas pretensiones se hu-
biesen totalmente desestimado, párrafo 63 de la Orden Gene-
ral 118; y terminó solicitando se citara á Sobá para la
comparecencia de ley y en su oportunidad se declarase con
lugar el desahucio con las costas al demandado, presentando
como documento unido á la demanda uno privado que dice:
"Por el presente documento hacemos constar lo presente: Don
Francisco Moll da en alquiler á Don José Laureano Sobá, y
éste acepta, una casa que posee en esta Villa calle del Comer-
cio por el convenido precio de quince pesos mensuales; que
Sobá se compromete á dar cuatro reales diarios en pan ó en
efectivo; en la condición de que si por algún incidente im-
previsto Sobá no pudiera satisfacer á Moll diariamente los
cuatro reales que deja indicado y pasa una quincena sin sol-
ventarlos, se compromete dejar libremente sin reclamo de
ningún género la casa á disposición de Moll, entendiéndose

que Moll queda en disposición al desalojo sin tener que para ello recurrir á los Tribunales. Y en prueba de ello firma el presente, en Adjuntas á veinte de Junio de mil ochocientos noventa y siete.—J. L. Sobá."—Resultando: Que tramitada la demanda se celebró el acto verbal correspondiente y en él propuso el demandado la excepción de incompetencia de jurisdicción á la que se opuso el demandante, y entrando á proponer pruebas propuso el demandante el documento que acompañó con su demanda, y el demandado propuso otras que no fueron declaradas pertinentes.—Resultando: Que el Tribunal de Distrito dictó con fecha cuatro de Junio la sentencia recurrida, la que contiene los siguientes considerandos y fallo.—Considerando: Que planteada previamente la cuestión incidental de previo y especial pronunciamiento sobre incompetencia de jurisdicción precisa ante todo resolver este incidente.—Considerando: Que con arreglo á la ley de veinte y uno de Agosto de mil ochocientos noventa y seis, adicionando el artículo 1,564 de la Ley de Enjuiciamiento Civil vigente en esta Isla, no se admitirá, entre otros, el incidente de incompetencia de jurisdicción cuando lo promueva el arrendatario ó inquilino si al interponerlo no acredita tener satisfechas las rentas hasta entonces vencidas y las que con sujeción al contrato deba pagar adelantadas, ó no las consigna en el Juzgado ó Tribunal, teniéndosele por desistido del incidente cualquiera que sea el estado en que se halle si durante la sustanciación del mismo dejase de pagar los plazos que venzan ó que deba adelantar.—Considerando: Que el demandado no ha cumplido en este caso con ninguna de las exigencias requeridas por la citada ley, por lo cual es evidente la improcedencia del incidente promovido el que debe ser desestimado teniendo por desistido de él al demandado que lo promovió.—Considerando: Que así resuelta la cuestion incidental, se hace necesario resolver la de fondo que contiene la demanda de desahucio interpuesta.—Considerando: En este punto legal que al actor incumbe la prueba de su dere-

cho y la justificación de la acción ejercitada en juicio conforme á un principio general de jurisprudencia y al precepto del artículo del Código Civil.—Considerando: Que limitada la prueba del actor á la simple presentación del documento privado acompañado con su escrito de demanda, ningún valor probatorio ni eficacia legal puede concedérsele á dicho documento por no haber sido reconocido en juicio por el demandado que aparece suscribiéndolo, siendo por tanto de aplicación el artículo 1,225 de la referida Ley Civil, según la cual sólo tendrá fuerza probatoria igual á una escritura pública el documento privado reconocido legalmente entre los que lo hubiesen suscrito y sus causahabientes.—Considerando: Que en tal sentido no habiendo el demandante justificado su derecho procede la absolución del demandado.—Considerando: Que conforme con el artículo 1,587 en relación con el 1,580, ambos de la Ley de Enjuiciamiento Civil, y la Orden General número 118, procede la condenación de costas á la parte actora. Vistas las disposiciones citadas y demás de aplicación del caso.—Fallamos: Que desestimando el incidente de competencia de jurisdicción promovido por el demandado, á quien tenemos desistido de él, debemos declarar y declaramos no haber lugar al desahucio solicitado por el demandante Don Francisco Moll y Campins, á quien condenamos en las costas del juicio, absolviendo de la demanda á Don José Laureano Sobá.—Resultando: Que contra dicha sentencia estableció recurso de casación el Letrado Don Manuel Giraldez Bosch, en representación del demandante, fundándolo textualmente como sigue:—1ª Interpretación errónea ó aplicación indebida en la sentencia de la Ley de veinte y uno de Agosto de mil ochocientos noventa y seis, así como del artículo 1,564 de la de Enjuiciamiento Civil, según el caso 1º del 1,690 de la misma, porque ese artículo 1,564 se refiere á la admisión al demandado de los recursos de apelación y acusación, cuando fuesen procedentes; pero nunca al incidente de incompetencia de jurisdicción, puesto que el incidente propuesto por

el demandado, como de resolución previa, ha debido tramitarse con arreglo al artículo 62 de la Orden General número 118 de diez y seis de Agosto de mil ochocientos noventa y nueve, y luego de declararse competente el Tribunal, como así ya lo tiene hecho en otro juicio de la misma índole y que es lo que ha dado lugar á que se interpusiese ante él la presente demanda, continuar el acto en lo relativo á las demás pruebas propuestas acerca de la cuestión litigiosa.— 2ª Violación del artículo I,587 de la Ley de Enjuiciamiento Civil y de sus concordantes 1,577 y 1,579, casos 1º y 2º del 1,690 ya citado, porque según ese primer artículo en el juicio verbal celebrado ha debido emplearse el mismo procedimiento establecido en los siguientes, es decir, en el 1,577 y 1,579, que imperan, no debe admitirse otra prueba, cuando la demanda de desahucio se funde en la falta de pago del precio estipulado, que la confesión judicial ó el documento ó recibo en que conste haberse verificado dicho pago; y que la sentencia debe dictarse, y guardar congruencia con las pretensiones deducidas en la demanda, puesto que también se resuelve en ella el incidente, que ha tenido que serlo en el acto de la comparecencia ó juicio verbal celebrado, dentro de los tres días siguientes á este acto, que en el presente caso tuvo lugar el veinte y cinco. De manera es que aparte de que no ha debido pedirse el reconocimiento de firma del documento presentado como comprobante del contrato, documento que no ha sido redargüido de falso, por la parte contraria, no sirve de base al juicio ni era necesaria su presentación tratándose de desahucio por falta de pago, toda vez que éste ha debido probarlo el demandado, bien con la confesión ó con el recibo correspondiente.—3ª Aplicación indebida del artículo 1,225 del Código Civil, caso 1º de 1690 de la Ley de Enjuiciamiento Civil, porque se refiere á los documentos privados que se presenten en juicio como medio de prueba, pero nunca á los que la parte acepte como legítimos, según el párrafo 2º del artículo 603 de dicha Ley de Enjuiciamiento Civil.—4ª Abuso en el ejercicio de la jurisdicción caso

6º del artículo 1,690 de la mencionada Ley de Enjuiciamiento Civil, porque la competencia para conocer de este juicio reside en el Juez municipal de Adjuntas, según el apartado 1º del artículo 1,561 de la Ley procesal, toda vez que el precio del arrendamiento no excede de cinco mil pesetas anuales. Y no se diga que el demandante se ha sometido expresamente á la jurisdicción de este Tribunal puesto que sólo lo ha hecho por tener resuelto ese caso en otro juicio verbal de esa misma índole, y no se le quiso exponer á que como sucedió con el de que me ocupo, se revocase la sentencia que pudiera dictar aquella Autoridad municipal, con perjuicio de sus intereses.—5ª y última. Error de derecho en la apreciación de las pruebas, caso 7º del repetido artículo 1,690 de la Ley de Enjuiciamiento Civil, por la razón de que el documento aducido fué presentado sólo como un comprobante de la existencia del contrato de arrendamiento, como ya se indica; pero no como de influencia notoria, ni de la base del juicio, puesto que éste ha podido interponerse sin él, y seguirse la tramitación del mismo juicio, para que el demandado probase el pago, como era de su obligación, en la forma que lo ordena el párrafo final del artículo 1,577 de aquella Ley de Enjuiciamiento Civil.—Resultando: Que admitido por el Tribunal de Distrito el recurso se personó ante este Tribunal Supremo el Letrado Don Antonio Moreno Calderón á nombre del recurrente celebrándose la vista sin que concurriera ninguna de las partes. Vistos, siendo Ponente el Juez Asociado Sr. Louis Sulzbacher.—Considerando: Que habiendo acudido con su demanda el demandante ante el Tribunal de Distrito y sostenido posteriormente la competencia de éste para conocer del juicio, carece de acción para fundar ahora un recurso en esa falta de competencia.—Considerando: Que siendo los requisitos que debe contener el escrito fundamentando el recurso, además de expresar el párrafo del artículo 1,690 de la Ley de Enjuiciamiento Civil en que se halle comprendido, los de citar con precisión y claridad la

ley ó doctrina legal que se crea infringida y el concepto en que lo haya sido y el de que si fuesen dos ó más los motivos ó fundamentos del recurso, que se expresen en párrafos separados y numerados según dispone el artículo 1,718 de dicha ley; se ha faltado á dichos preceptos en el escrito del recurrente, pues, si bien en él se cumplen algunos de ellos, no se expresan con la debida separación los motivos del recurso ni se manifiesta de un modo claro en qué consiste el error de derecho que se afirma existir en la apreciación de la prueba, no planteándose, por tanto, de un modo concreto las cuestiones que este Tribunal deba resolver.—Considerando: Que por las razones expuestas no ha lugar á resolver el recurso, y que desestimadas en su totalidad las pretensiones del recurrente deben imponérsele las costas.—Fallamos: Que debemos declarar y declaramos no haber lugar á resolver el recurso, con las costas al recurrente; y con certificación de esta sentencia, que se publicará en la *Gaceta*, devuélvase lo actuado al Tribunal sentenciador para lo que proceda.—Así por esta nuestra sentencia, irrevocablemente juzgando, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Rafael Nieto Abeillé.—Louis Sulzbacher.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Louis Sulzbacher, celebrando audiencia pública dicho Tribunal en en el día de hoy, de que como Secretario certifico, en Puerto Rico á once de Septiembre de mil novecientos.—E. de J. López Gaztambide.